UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

----------------------------------------------------------------x

MIDAS INTERNATIONAL CORPORATION :

Plaintiff, :

Vs. :

C.A. No.: 05-504 T

ANTONELLI HOLDING COMPANY, CHRISTOPHER ANTONELLI AND CYNTHIA ANTONELLI :

Defendants. :

----------------------------------------------------------------x

## ANSWER TO VERIFIED COMPLAINT

### FIRST DEFENSE

1. Admit;
2. Admit;
3. Neither admit nor deny, leave Plaintiff to its proof;

### THE PARTIES

4. Admit;
5. Admit;

### JURISDICTION AND VENUE

6. Neither admit nor deny, with respect to Plaintiff's allegations of statutory jurisdiction, and admit the balance of the allegation.
7. Admit;

### BACKGROUND

8. Admit that Midas is engaged in the business of operating and licensing the operation by others under franchise agreements of automotive specialty shops known as Midas Shops. These shops engage in the sale and installation of a variety of automotive products; Midas makes available to its franchisees

products which are offered, sold, and installed. Neither admit nor deny that Midas products and services carry a unique and valuable guarantee to the consumer public, but leave the Plaintiff to its proof. Admit that Midas also provides materials and information to assist its franchisees in the operation of their respective franchise operations, and that together the services and materials provided by Midas franchisees are known as "the Midas system".

9. Admit;
10. Neither admit nor deny, leave the Plaintiff to its proof;
11. Neither admit nor deny that there are Midas automotive repair shops throughout Rhode Island and the United States as a result of Midas' expenditure of vast amounts of money and advertising and marketing, Midas has earned enormous commercial success and favorable recognition and acceptance. Admit in connection with all such activities Midas has employed and continues to employ trademarks to identify its services, product, and business, and has distinguished itself from the products and business of others.
12. Admit the Midas trademarks are distinctive and famous. Neither admit nor deny that the trademarks have acquired secondary meaning as a designation of Midas as a quality provider of automotive maintenance and repair services.
13. Admit;
14. Neither admit nor deny, leave Plaintiff to its proof;
15. Deny;

**THE FRANCHISE AGREEMENT**

16. Admit;
17. Admit;
18. Admit;
19. Admit;
20. Admit;
21. Neither admit nor deny, leave Plaintiff to its proof;
22. Deny, the franchise agreement, so-called, speaks for itself, and any conclusions to be drawn therefrom;

23. Deny, the franchise agreement, so-called, speaks for itself, and any conclusions to be drawn thereform;
24. Deny, the franchise agreement, so-called, speaks for itself, and any conclusions to be drawn thereform;
25. Deny, the franchise agreement, so-called, speaks for itself, and any conclusions to be drawn therefrom;
26. Deny, the franchise agreement, so-called, speaks for itself, and any conclusions to be drawn therefrom;
27. Deny, the franchise agreement, so-called, speaks for itself, and any conclusions to be drawn therefrom;
28. Deny, the franchise agreement, so-called, speaks for itself, and any conclusions to be drawn therefrom;
29. Deny, the franchise agreement, so-called, speaks for itself, and any conclusions to be drawn therefrom;
30. Neither admit nor deny, leave Plaintiff to its proof;
31. Deny, the franchise agreement, so-called, speaks for itself, and any conclusions to be drawn therefrom;
32. Deny, the franchise agreement, so-called, speaks for itself, and any conclusions to be drawn therefrom;
33. Admit with respect to the personal guarantee, and admit that an accurate copy is attached, but leave Plaintiff to its proof with respect to the language of the guarantee, which speaks for itself.
34. Deny, the guarantee speaks for itself and for any conclusions to be drawn therefrom;
35. Deny, the guarantee speaks for itself and for any conclusions to be drawn therefrom;
36. Deny, the guarantee speaks for itself and for any conclusions to be drawn therefrom;
37. Deny, the guarantee speaks for itself and for any conclusions to be drawn therefrom;

## TERMINATION OF THE FRANCHISE AGREEMENT

38. Defendants admit they received the notice from Plaintiff, and deny the balance of the allegation as the document speaks for itself;
39. Deny;
40. Neither admit nor deny, the Plaintiff's notice to the Defendants is in writing and consequently speaks for itself;
41. Admit exhibit F and its hand delivery and the date thereof, and that Defendants failed to cure defaults; deny the balance in that the notices referred to were in writing, and thus speak for themselves;
42. Admit that as of November 30, 2005 Defendants continued to use and display the Midas proprietary trademark and continued consequently in some respects to trade under the Midas name, nevertheless, Defendants have ceased to use or display Midas trademarks and have ceased, and in some respects did not prior to November 30, 2005, trade under the Midas name, but instead traded as Midstate Tire.
43. Deny the conclusory elements of this allegation, but admit that there was an exterior pole with a Midas sign affixed to the top, that the exterior markings of the so-called shop were unchanged as of this date, that there were trademark and proprietary Midas signs present as of this date inside the so-called shop. Defendants deny the balance of the allegations in that photographs speak for themselves, and what a customer might think upon entering the shop at that time;
44. Deny;
45. Deny in that Defendants do not exclusively identify themselves as a Midas shop, and presently in no way identify themselves as a Midas shop, and furthermore they have satisfied Midas with respect to remediation of any potential telephone misidentification;
46. Admit that Midas provided proprietary written materials and documents to the Defendants, and deny the balance of the allegation;
47. Admit;
48. Deny;

49. Admit that Defendants have no affiliation at this time with Midas, deny the balance of the allegation;
50. Deny;

**FIRST CLAIM FOR RELIEF**
**Breach of the Franchise Agreement**

51. Defendants repeat and reallege their responses to paragraphs one through fifty as though set forth at length herein;
52. Deny, insofar as the relations between the Defendants and Plaintiff are set forth in writings which speak for themselves, and deny the propriety of Midas' actions;
53. Deny, the franchise agreement and the termination obligation are written documents which speak for themselves;
54. Deny;
55. Deny;

**SECOND CLAIM FOR RELIEF**
**Breach of the Personal Guaranty**

56. Defendants repeat and reallege their responses to paragraphs one through fifty five as though set forth at length herein;
57. Defendants admit that Christopher and Cynthia Antonelli failed to pay certain royalties and some balance on the Midas trade account, and that sums were due and owing to Midas, and leaves the Plaintiff to its proof with respect to the balance of the allegation;
58. Deny, Defendants are in the process of complying with the termination obligations and the franchise agreement and personal guaranty are written documents which speak for themselves;
59. Deny;

**THIRD CLAIM FOR RELIEF**
**Federal Trademark Infringement**

60. Deny; defendants repeat and reallege their responses to paragraphs one through fifty nine as though set forth at length herein;
61. Deny;

62. Deny;
63. Deny;
64. Deny;

**FOURTH CLAIM FOR RELIEF**
**Federal Trade Dress Infringement**

65. Deny; defendants repeat and reallege their responses to paragraphs one through sixty four as though set forth at length herein;
66. Admit, except that this condition is no longer true;
67. Neither admit nor deny, leave Plaintiff to its proof;
68. Deny, in that Defendants no longer use any Midas identification whatsoever, leave the Plaintiff to its proof regarding confusion and deception among the public regarding affiliation, connection, or association, leave the Plaintiff to its proof with respect to the legal conclusions regarding the Lanham Act;
69. Deny;
70. Deny;
71. Deny;

**FIFTH CLAIM FOR RELIEF**
**Common Law Trademark Infringement**

72. Defendants repeat and reallege their responses to paragraphs one through seventy one as though set forth at length herein;
73. Defendants deny this allegation, except insofar as the continued use of Midas trademarks and trade names infringes on Midas' exclusive rights in Midas trademarks as established under common law;
74. Deny in that Defendants no longer utilize Midas trademarks or tradenames whatsoever, deny the balance of the allegation with the exception of the legal conclusions with respect to the Lanham Act, which the Defendants neither admit nor deny;
75. Deny;
76. Deny;

**SIXTH CLAIM FOR RELIEF**
**Federal Unfair Competition**

77. Defendants repeat and reallege their responses to paragraphs one through seventy six as though set forth at length herein;
78. Defendants deny this allegation except insofar as the continued use of Midas trademarks and trade names infringes on Midas' exclusive rights in Midas trademarks under Section 32 of the Lanham Act.
79. Deny;
80. Deny;
81. Deny;

**SEVENTH CLAIM FOR RELIEF**
**Rhode Island Unfair Competition**

82. Defendants repeat and reallege their responses to paragraphs one through eighty one as though set forth at length herein;
83. Deny, in that Defendants are no longer using Midas in any manner whatsoever, deny the confusion or deceit of the public, and admit that at some point Midas withdrew its permission and authorization;
84. Deny;
85. Deny;

**EIGHTH CLAIM FOR RELIEF**
**Rhode Island Trademark Infringement**

86. Defendants repeat and reallege their responses to paragraphs one through eighty five as though set forth at length herein;
87. Deny, in that Defendants no longer use any Midas identification whatsoever, deny the confusion of the public, admit that certain activities were no longer approved by Midas, deny the harm to Midas' business reputation, and leave the Plaintiff to its proof with respect to Midas' exclusive rights under the Rhode Island General Laws;
88. Deny;
89. Deny;
90. Deny;

**SECOND DEFENSE**

91. Defendants have entered into an agreed preliminary injunction with Plaintiffs and have complied therewith;

**THIRD DEFENSE**

92. Defendants have setoffs and offsets for various credits which have not been acknowledged by Midas which the Defendants are presently in the process of attempting to adjust with them, although Defendants admit they are in some manner indebted to Plaintiff.

WHEREFORE Defendants request judgment determining the monetary amount due to Plaintiff. Defendants further agree to abide by the terms of the preliminary injunction in this case and agree not to use any Midas proprietary trademark or other identification, or to hold themselves out as Midas, and generally to act in a manner consistent with the termination of the Midas franchise.

Defendants,
By their Attorney,

3/24/06

Lawrence L. Goldberg, Esquire (#1491)
Lawrence L. Goldberg Law Associates
92 Jefferson Boulevard
Warwick, R.I. 02888
(401) 941-5770
(401) 781-2434 (facsimile)

**DEFENDANTS DEMAND TRIAL BY JURY.** 3/24/06

**CERTIFICATION**

I hereby certify that on this 24th day of March 2006 I hand delivered a true copy of the within Answer to Attorney David Wollin, Adler Pollock & Sheehan, P.C., One Citizens Plaza, 8th Floor, Providence, R.I. 02903.

Kayleigh M Cavalho